

**ORIGINAL**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ANTONIO CEBRERO, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA ) <br> ) <br> Respondent. ) <br> ) | Cr. No. 04-3142GT <br> Cv. No. 05-1448GT <br><br> **ORDER** |

On July 18, 2005, Petitioner, Jose Antonio Cebrero ("Mr. Cebrero"), filed a Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255. Mr. Cebrero argues that he did not know he was pleading guilty to "two identical charges." The Court has fully considered this matter, including a review of Mr. Cebrero's brief filed, the authorities cited therein and the arguments presented. For the reasons stated below, Mr. Cebrero's Motion to Vacate, Set Aside or Correct Sentence is **DENIED**.

First, Mr. Cebrero pled guilty, pursuant to a written plea agreement, to three counts of illegal entry by an alien, in violation of 8 U.S.C. § 1325. In the written plea agreement, Mr. Cebrero specifically pled guilty to three separate counts of illegal entry with three separate supporting

factual basis. Also, in the written plea agreement Mr. Cebrero explicitly waived his right to appeal and/or collaterally attack his conviction or sentence. The Ninth Circuit has long acknowledged that the terms of a plea agreement are enforceable. *See,* United States v. Baramdyka, 95 F.3d 840, 843 (9th Cir. 1996), *cert. denied*, 117 S.Ct. 1282 (1997). Since Mr. Cebrero expressly waived his statutory right to appeal or collaterally attack his sentence in his plea agreement, Mr. Cebrero is now precluded from challenging that sentence pursuant to 28 U.S.C. § 2255. *See,* United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993) (holding that a knowing and voluntary waiver of a statutory right is enforceable). Accordingly,

**IT IS ORDERED** that Mr. Cebrero's Motion to Vacate, Set Aside or Correct Sentence is **DENIED.**

**IT IS SO ORDERED.**

9-27-07
date

GORDON THOMPSON, JR.
United States District Judge

cc: AUSA Bruce Castetter        Petitioner